2025–2080

---

# United States Court of Appeals for the Federal Circuit

---

Google LLC,

*Appellant*

v.

International Trade Commission,

*Appellee*

Sonos, Inc.,

*Intervenor*

---

Appeal from the United States International Trade Commission
in investigation no. 337–TA–1329

---

## Unopposed Motion of Appellant Google LLC to Stay This Appeal Pending the Court's Decision in Appeal No. 2024–2119

---

Nathan K. Kelley
Perkins Coie LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005
(202) 654–3343
NKelley@perkinscoie.com

Dan L. Bagatell
Perkins Coie LLP
3 Weatherby Road
Hanover, New Hampshire 03755
(602) 351–8250
DBagatell@perkinscoie.com

Patrick D. Curran
Quinn Emanuel Urquhart
 & Sullivan, LLP
111 Huntington Avenue, Suite 520
Boston, Massachusetts 02199
(617) 712–7100
patrickcurran@quinnemanuel.com

Counsel for Appellant Google LLC

September 30, 2025

## Certificate of Interest

I certify that the information below is complete to the best of my knowledge.

Date: September 30, 2025          Signature: /s/Dan L. Bagatell

                                  Name:      Dan L. Bagatell

| 1. Represented Entity | 2. Real Party in Interest | 3. Parent Corporations and 10% Stockholders |
|---|---|---|
| Google LLC | none | XXVI Holdings Inc.; Alphabet Inc. |

| 4. Other Legal Representatives | |
|---|---|
| from Quinn Emanuel Urquhart & Sullivan, LLP: | Jeffrey S. Gerchick, S. Alex Lasher, David A. Nelson, Patrick Stafford, Nina S. Tallon, Brett N. Watkins, Anastasia N. Fernands, Anne-Raphaëlle Aubry, Carl W. Spilly, Cary Adickman, Chandler Matz, Charles K. Verhoeven, E. Niki Edmonds, Inge Larish, Isabel Peraza, Jake Blecher, James Judah, Jared M. Newton, Jason C. Williams, Jeff Nardinelli, Jocelyn Ma, Kevin K. Chu, Lana M. Robins, Lance Yang, Marc L. Kaplan Maxwell Hawley, Nima Hefazi, Ognjen (Ogi) Zivojnovic, Peter Benson, Rabi Fiotto, Scott Baker, Sean Taheri, Victor Palace, Yusef Al-Jarani |

| | |
|---|---|
| from Wolf, Greenfield & Sacks, P.C.: | Alexa Pastor, Alexandra K. Kim, Elizabeth A. DiMarco, Greggory Holderman, Gregory F. Corbett, Sushmitha Rajeevan |

| **5. Related Cases** |
|---|
| see Notice of Related Case Information at Dkt. 6 |

| **6. Organizational Victims and Bankruptcy Cases** |
|---|
| None |

Appellant Google LLC moves to stay this appeal pending the outcome of a related appeal in this Court, No. 2024–2119, that is fully briefed and awaiting oral argument. Based on consultations with opposing counsel, Google understands that no party opposes the motion, and no party is expected to file a response.

This case began when Google filed a complaint in the International Trade Commission asserting that certain audio players and components thereof imported by Sonos, Inc. were infringing three Google patents. Google also sued Sonos for infringement in the Northern District of California, but that case was, and remains, stayed pending the outcome of the ITC investigation. The ITC investigation was later narrowed to two patents, Nos. 10,593,330 and 10,134,398, that share the same specification and the title "Hotword Detection on Multiple Devices."

In response to Google's complaints, Sonos filed petitions for *inter partes* review (IPR) of the '330 and '398 patents. In May 2024, the Patent Trial and Appeal Board (PTAB) issued final written decisions determining that all challenged claims of both patents were unpatentable over prior art. Google appealed the IPR decisions to this Court, and this Court consolidated the two IPR appeals (Nos. 2024–2119 (lead) and 2024–2020). Briefing in that

case was completed in April 2025, and Google expects that case to be called for oral argument in early 2026.

Meanwhile, the ITC investigation continued. In March 2025, the presiding administrative law judge (ALJ) issued an initial determination that the term "low power mode," which appears in all asserted claims, is indefinite, that all the asserted claims are therefore invalid, and that Sonos had not violated Section 337 violation as a result. In July 2025, the Commission adopted the ALJ's indefiniteness ruling and terminated the investigation based on the finding of no violation. The ALJ had also proposed to terminate the investigation based on the PTAB's Final Written Decisions, but the Commission declined to do so in view of Google's pending appeal from those decisions. *See* Dkt. 3–3 (Exhibit A to Google's notice of appeal in this case). Google timely appealed from the Commission's final determination.

Although Google believes that the Commission's indefiniteness ruling was incorrect, Google recognizes that the IPR appeal, which has been fully briefed for nearly six months, is about 14 months ahead of this appeal, in which the certified list has not been filed yet. As a result, the IPR appeal is likely to be argued and may even be decided before the parties could com-

plete briefing in this appeal in the normal course. If the PTAB's determination that the claims are unpatentable over prior art is affirmed, the indefiniteness issue in this appeal will be moot. And if this Court reverses or vacates in the IPR appeal, its opinion may have some bearing on this case.

Rather than requiring all three parties to brief this appeal now, Google submits that the more efficient course is to stay briefing in this appeal until after this Court issues its decision in No. 2024–2119. If the Court overturns the unpatentability determinations in the IPRs, this appeal can proceed. If the claims are canceled, this appeal can be dismissed as moot. Google thus requests that the Court stay briefing in this appeal pending resolution of No. 2024–2119 and suggests that the Court direct the parties to inform it about how they propose to proceed with this appeal within a certain number of days after the Court issues its decision in No. 2024–2119.

Dated: September 30, 2025

Respectfully submitted,

Perkins Coie LLP

/s/Dan L. Bagatell

Dan L. Bagatell

Counsel for Appellant Google LLC

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION**

I certify that this motion contains 583 words and therefore complies with Fed. R. App. P. 27(d)(2)(A).

Date: September 30, 2025                    /s/Dan L. Bagatell

                                            Dan L. Bagatell